Asher Dewayne BLANSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00087–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 12, 2003.

Decided April 22, 2003.

Ebb B. Mobley, Longview, for appellant.

Andrea M. Thompson, Appellate Assistant Dist. Atty., William M. Jennings, Gregg County Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

## OPINION

Opinion by Justice WILLIAM J. CORNELIUS (Retired).

A jury convicted Asher Dewayne Blanson of aggravated robbery. Blanson's punishment, enhanced by two prior felony convictions, was set by the jury at thirty-five years' confinement.

On appeal, Blanson raises seven points for reversal: (1) the evidence is legally insufficient to support the conviction for aggravated robbery; (2) the evidence is factually insufficient to support the conviction for aggravated robbery; (3) defense counsel rendered ineffective assistance of counsel because he failed to object to the court's jury charge that improperly instructed the jury that a knife is a deadly weapon; (4) the trial court erred by instructing the jury that a knife is a deadly weapon; (5) the trial court erred when it failed to give the jury a charge on the lesser-included offense of theft; (6) the trial court improperly charged the jury on the prior convictions used to enhance the punishment; and (7) there is insufficient evidence to support Blanson's enhanced punishment as an habitual offender. We overrule point one and sustain point four. Because of our disposition of these points, it is unnecessary to discuss the remaining points. We reverse the judgment and remand the cause to the trial court for a new trial.

The evidence, viewed most favorably to the verdict, is as follows: Blanson entered a Super One Foods Supermarket in Longview. The store director, Brian Nelson, saw Blanson in the store carrying four bottles of dog wormer. A few minutes later, Nelson saw Blanson again, still in the store, and he had only two bottles of dog wormer in his hands. Nelson, accompanied by the assistant store director, Kirk

Womack, approached Blanson and asked him where he put the other two bottles. Blanson said he put them down on a shelf. Blanson then told Nelson and Womack that he would show them where he put the two bottles. While walking down the aisle, and before they reached the shelf, Nelson and Womack saw Blanson take two bottles of dog wormer out of his pocket. Nelson and Womack then escorted Blanson to the store "break room" to await the police, who were informed that an attempted theft was in progress.

When Nelson, Womack, and Blanson entered the break room, Nelson and Womack instructed Blanson to sit down. Nelson stood between Blanson and the door, and Womack stood by the door. Shortly after he sat down, Blanson became extremely agitated. He got up, started pacing the floor, began to "rant and rave," and repeatedly urged Nelson to let him go. At one point, Blanson said, "Don't make me hurt you!" Nelson and Womack said they became worried and uncomfortable because they did not know what Blanson might do. Suddenly, Blanson, holding a silver-colored pocketknife in his hand, rushed at Nelson. Blanson appeared to be trying to open the pocketknife and trying to escape from the room. Womack yelled, "Watch out, he's got a knife." When Blanson rushed at Nelson, Nelson and Womack both were worried and afraid that Blanson would use the knife to cause them imminent serious bodily injury or death. Womack "went for" the knife, while he and Nelson tackled Blanson and took him to the floor. In a few minutes, Blanson calmed down, and Nelson and Womack got him up and sat him down again while they waited for the police to arrive. The pocketknife had fallen to the floor, and it remained there until the police arrived. The police arrived a few minutes later, took Blanson into custody, and charged him with aggravated robbery.

■ We first address the alleged charge error. Blanson contends the trial court improperly instructed the jury that a knife is a deadly weapon. The court's charge at the guilt/innocence stage of the trial contained the following instruction: "A knife is a deadly weapon." This is an incorrect statement of the law. A knife is not a deadly weapon per se. *Hawkins v. State,* 605 S.W.2d 586 (Tex.Crim.App.1980). Therefore, to prove that Blanson committed aggravated robbery, the State was required to prove that the knife Blanson exhibited was a deadly weapon because, in the manner of its use or intended use, it was capable of causing serious bodily injury or death. Tex. Pen.Code Ann. § 1.07(a)(17)(B) (Vernon 2003); *Jackson v. State,* 913 S.W.2d 695 (Tex.App.-Texarkana 1995, no pet.). Thus, it was error to charge the jury that a knife is a deadly weapon.

■ Blanson did not object to the improper charge regarding a knife being a deadly weapon. Therefore, to be entitled to a reversal of the judgment because of this charge error, Blanson must demonstrate that the error caused him egregious harm. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). Errors resulting in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Hutch v. State,* 922 S.W.2d 166 (Tex.Crim.App.1996).

■ To determine if the error caused egregious harm, we review the entire charge, the state of the evidence, the jury argument, and any other relevant information. *Patrick v. State,* 906 S.W.2d 481 (Tex.Crim.App.1995).

■ The pertinent portions of the jury charge are as follows:

Our law provides that a person commits robbery if, in the course of committing theft of property, as that term is hereinafter defined, and with intent to obtain or maintain control of corporeal personal property of another, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. The offense is aggravated robbery if the person commits robbery as above defined and exhibits a deadly weapon.

A "knife" is a deadly weapon.

. . . .

Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that on or about the 27th day of November, 2001, in Gregg County, Texas, the defendant, Asher Dewayne Blanson did then and there while in the course of committing theft of property, as that term has been heretofore defined herein, and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Kirk Womack in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife, then you will find the defendant guilty of aggravated robbery as charged in paragraph A of the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated robbery as charged in paragraph A and next consider whether the defendant is guilty of robbery as charged in paragraph B of the indictment.

Thus, both the knife definition and the application portion of the charge explicitly told the jury it could convict Blanson of aggravated robbery if he, while committing theft, placed Womack in fear of imminent bodily injury or death, and while do-ing so, Blanson exhibited a knife. In that respect, the jury charge misstated the law. Because a knife is not a deadly weapon per se, Blanson could have been guilty of aggravated robbery only if he committed the robbery while using or exhibiting a knife that, in the manner of its use or intended use, was capable of causing imminent death or serious bodily injury. TEX. PEN. CODE ANN. § 1.07(a)(17)(B). The charge did not so instruct the jury.

We find that this charge error caused Blanson egregious harm. It relieved the State of its burden to prove that the knife Blanson had was a deadly weapon, and it misled the jury to believe it could convict Blanson of aggravated robbery if he possessed a knife (which both parties admitted), without requiring proof of the knife's capability to cause imminent bodily injury or death. The nature of the unopened pocketknife as a deadly weapon was a central issue of the case, and the definition of a mere knife as a deadly weapon deprived Blanson of a valuable right—the right to require the State to prove that the knife Blanson had was, in fact, a deadly weapon. The State's jury argument exacerbated the harm from this error when it emphasized to the jury that Blanson was guilty of aggravated robbery because "he had a knife," and that, "For aggravated robbery, you need fear, in the course of theft, and you need a knife. That's as simple as it gets."

The State argues that, because Blanson never disputed that he had a pocketknife, the charge error is not harmful. We disagree. Although both parties agreed that Blanson had a pocketknife, they did not both agree that the knife constituted a deadly weapon because of its manner or intended manner of use. For all of these stated reasons, we conclude that the charge error caused Blanson egregious harm.

It is necessary for us to consider Blanson's first point in order to determine if we must render a judgment of acquittal or remand the cause for a new trial. If the evidence is legally insufficient to support a conviction for aggravated robbery, we must render a judgment of acquittal, and the Constitutional prohibitions against double jeopardy will prohibit a retrial. If, however, we find the evidence legally sufficient, and we reverse for a charge error, we may remand the case for a new trial. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Clewis v. State,* 922 S.W.2d 126, 136 (Tex.Crim.App. 1996).

We have already recited the evidence viewed in the light most favorable to the verdict. We find that evidence legally sufficient to support a conviction of Blanson for aggravated robbery based on evidence that, while in an attempt to commit theft, he placed Womack in fear of imminent serious bodily injury or death, and during the course of that attempt, exhibited a knife that, in the manner of its use or intended use, was capable of causing serious bodily injury or death. Although the evidence is legally sufficient to convict Blanson on this basis, we cannot sustain the conviction on this basis, because the trial court did not charge the jury on the basis of Blanson's use of a knife which, by reason of its manner of use or intended use was capable of causing serious bodily injury or death, but rather charged the jury *only* on the exhibition of "a deadly weapon, to-wit: a knife."

Because of the charge error, we reverse the judgment and remand the case to the trial court for a new trial.