Affirmed and Memorandum Opinion filed October 25, 2005









Affirmed
and Memorandum Opinion filed October 25, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00856-CR

____________

 

BRADY TURK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 981,345

 



 

M E M O R A N D U M   O P I N I O N

Appellant Brady Turk was convicted of
aggravated assault with a deadly weapon and sentenced to three years= probation.  In three issues, appellant complains that (1)
the trial court erred in allowing testimony from a witness who destroyed
evidence, (2) the trial court erred by allowing the jury to receive additional
evidence after deliberations began, and (3) he received ineffective assistance
of counsel.  We affirm.








Appellant lived in a boarding house with
several people, including the complainant, Jeffrey Houston.  In November 2003, appellant sprayed Houston
with mace and then stabbed him in the abdomen with a knife.  Appellant claims he was acting in self-defense
because Houston had attempted to assault him with a six-foot metal hat rack.

In his second issue, appellant claims the
trial court erred in allowing Paul Bazert, the assistant manager of the
property, to testify after he Aadmitted under
oath that he intentionally destroyed evidence,@ namely the hat
rack.  We reject this argument for three
reasons.  First, appellant did not make
this objection to the trial court, and he cannot raise it for the first time on
appeal.  See Tex. R. App. P. 33.1(a).  Thus, any error is waived.  Martinez v. State, 91 S.W.3d 331, 337
(Tex. Crim. App. 2002).  Second, Bazert
testified that he removed the hat rack from the property, not that he destroyed
it.  Finally, even if Bazert did destroy
the hat rack, appellant has provided no authority or analysis as to why such an
action should preclude Bazert from testifying. 
We overrule appellant=s second issue.

In his third issue, appellant asserts that
the trial court improperly allowed Bazert to testify after both sides had
rested and jury deliberations had begun. 
See Bustamante v. State, 106 S.W.3d 738, 743 (Tex. Crim.
App. 2003).  However, the record reflects
that this testimony was received during the State=s rebuttal, after
which the State rested, the parties closed, and the jury retired to begin
deliberating.  Appellant=s argument has no
support in the record, and we overrule his third issue.








In his first issue, appellant complains of
ineffective assistance of counsel based on allegations of inadequate
attorney/client communication and deficient performance before and during the
trial.  Ineffective assistance claims are
governed by the now familiar two-part test announced in Strickland v.
Washington, 466 U.S. 668 (1984).  To
prove ineffective assistance, appellant must show (1) that trial counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient
performance.  Id. at 687B96; Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Salinas, 163 S.W.3d at 740.  To defeat this presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.=@  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999) (quoting McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)).  

Without specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  See
Bone v. State, 77 S.W.3d 828, 830, 833 (Tex. Crim. App. 2002); Thompson,
9 S.W.3d at 813B14 (noting that when the record contains
no explanation for counsel=s decisions, an
appellate court should be cautious in deciding whether the Amotivation behind
counsel=s actions@ was Aof strategic
design or the result of negligent conduct@).  Appellant filed a verified motion for new
trial raising some but not all of the allegations of ineffective assistance of
counsel he now asserts.  The motion was
overruled by operation of law without a hearing.  Thus, the only evidence presented in support
of appellant=s motion for new trial was his verified
motion.  If there is no hearing or if
counsel does not appear at the hearing, an affidavit from trial counsel becomes
almost vital to the success of a claim for ineffective assistance of
counsel.  Stults v. State, 23
S.W.3d 198, 208B09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).








Appellant claims that counsel did not
return his calls and did not discuss the case with him for the first time until
fifteen minutes before voir dire.  To
prove ineffective assistance of counsel based on inadequate communication,
appellant must prove that additional communication would have changed the
outcome of the trial.  Edwards v.
State, No. 04-04-00157-CR, 2005 WL 236672, at *3 (Tex. App.CSan Antonio Feb.
2, 2005, no pet. h.) (not designated for publication); see also Ex parte
Perry, 455 S.W.2d 214, 215 (Tex. Crim. App. 1970).  Appellant fails to do so.  He asserts that he was unable to plan a trial
strategy with counsel, resulting in her resting the case while he was on the
stand before he was able Ato tell the Jury a majority of the
testimony I wanted to get before them.@  However, appellant provides no details about
what his testimony would have been or how such testimony would have impacted
the trial.  Further, counsel may have
made a reasonable strategic decision to end appellant=s testimony when
she did.  In the absence of any evidence
of her motivation, we will not second guess this decision.[1]  See Goodspeed v. State, No.
PD-1882-03, __ S.W.3d __, 2005 WL 766996, at *2 (Tex. Crim. App. Apr. 6, 2005).

Appellant also complains that his counsel
failed to file pretrial motions to decrease his bond and for discovery of his
telephone records and the complainant=s medical records.
To succeed on an ineffective assistance of counsel claim based on failure to
file a motion, appellant must prove, as a preliminary matter, that the motion
would have been granted.   Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Pipkin v. State,
997 S.W.2d 710, 712 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d). 
Appellant has no evidence that a motion to decrease his bond would have
been granted.  To attempt to prove
prejudice, appellant claims that his incarceration prevented him from preparing
a defense and that Acertain legal documents in my possession
tending to establish my innocence were invariably lost.@  However, appellant neither explains what
additional preparations he would have undertaken nor describes what documents
were lost or how they would have benefitted his defense.  Further, there is no evidence in the record
to establish what the telephone or medical records would have proven.








Appellant complains of various issues
relating to counsel=s trial performance.  The trial court allowed thirty minutes for
voir dire, and appellant argues that counsel should have objected and requested
more time because thirty minutes is inadequate to question sixty jurors.  The trial court has broad discretion over
voir dire proceedings, Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim.
App. 2002), and appellant has not shown that counsel would have been successful
in persuading the trial court to allot additional time for voir dire.  Appellant claims that counsel refused to ask
potential jurors two questions he suggested, but the record contains no
evidence of what these questions were or that he communicated these questions
to counsel and she refused to ask them.  See
Salinas, 163 S.W.3d at 741 (noting that assertions in the briefs not
supported by the record are insufficient to prove ineffective assistance of
counsel).

Appellant also asserts that counsel was
deficient in her evidentiary choices at trial. 
Appellant complains that counsel refused to cross-examine two witnesses
regarding prior dishonest acts he claims they committed, stating, A[N]ever ask a
question that you don=t know the answer to.@  Appellant may disagree with this strategy,
but we cannot say that no reasonable attorney would have done the same thing,
particularly given appellant=s lack of proof of
these allegations.  See Goodspeed,
2005 WL 766996, at *2.  Appellant
complains that counsel failed to call several witnesses and to offer the mace
can and hat rack into evidence.  However,
appellant did not show that this evidence was available to be introduced at
trial, which he must to prove deficient performance.  See Akin v. State, 981 S.W.2d 297, 301
(Tex. App.CTexarkana 1998, no pet.); see also
Melancon v. State, 66 S.W.3d 375, 379 n.5 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 
Further, counsel could have made reasonable strategic decisions that
this evidence was unnecessary or even harmful. 
Appellant asserts in his brief that counsel said she Aforgot@ to point out that
one of the State=s exhibits showed a hole in the wall
outside his bedroom door that he claims the complainant made during a previous
altercation.  There is no evidence in the
record that she forgot rather than decided not to point it out for strategic
reasons.  The silent record regarding
counsel=s motives is
insufficient to overcome the presumption that she made such reasonable
decisions.








Finally, appellant asserts that counsel=s trial
performance was deficient because she did not request a jury instruction that
the hat rack was a deadly weapon.  A hat
rack is not a deadly weapon per se because it is not Adesigned, made or
adapted for the purpose of inflicting death or serious bodily injury.@  Hill v. State, 913 S.W.2d 581, 582
(Tex. Crim. App. 1996).  Unless the
weapon at issue is a deadly weapon per se, instructing the jury that it is a
deadly weapon is error.  See Blanson
v. State, 107 S.W.3d 103, 105 (Tex. App.CTexarkana 2003, no
pet.).  It is not deficient performance
to fail to request an instruction to which the defendant is not entitled.  Ex parte Chandler, No. WR-60942-01, __
S.W.3d __, 2005 WL 858290, at *3 (Tex. Crim. App. Apr. 13, 2005).

We have reviewed each allegation appellant
claims constitutes ineffective assistance of counsel, and we find appellant=s claim to be
without merit.  We overrule appellant=s first issue.

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 25, 2005.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant also
complains that his attorney should have shared the complainant=s criminal record with him earlier and should have
told him that his original indictment had been dismissed and a new one filed,
thereby avoiding his confusion over the proper indictment number.  Again, appellant fails to explain how his
knowledge of this information earlier would have changed the outcome of the
trial.