**AFFIRM; and Opinion Filed July 26, 2016.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00431-CR

### JAMES COX, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1159110-T**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Appellant James Cox appeals his conviction for aggravated assault with a deadly weapon. After a jury found appellant guilty, the trial court assessed punishment at thirty years' confinement. In two issues, appellant asserts the evidence is legally insufficient to support his conviction and the trial court erred in refusing to charge the jury on the lesser-included offense of assault. For the following reasons, we affirm appellant's conviction.

A grand jury indicted appellant for aggravated assault. The indictment alleged appellant assaulted Yvette Cox and used or exhibited a deadly weapon in the commission of the offense. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Yvette was the adult daughter of appellant's sister, Brazoria Cox.

At the time of the offense, appellant was living at Brazoria's house with Brazoria's younger children, her fourteen-year-old-son, Illya[1] and her nineteen-year-old-daughter, Tiffany. Although appellant was living at the house, he was not allowed to be there unless Brazoria was home. Nevertheless, on the day of the offense, Illya and Tiffany were alone at the house with appellant.

Illya and Tiffany were watching television, and appellant became angry when Illya began flipping through the channels. When appellant grabbed the remote control, Tiffany and Illya became afraid and went outside. They called Yvette's daughter, Shamala, asking her to help them get appellant out of the house. Shamala sent her mother, Yvette, to the house.

When Yvette arrived, she had a baseball bat. She entered the front room, and demanded that appellant leave. Appellant appeared to comply, walking through the kitchen toward a side door. However, appellant returned to the front room through another entrance. Appellant then attacked Yvette from behind, tackling her to the ground.

Both Illya and Tiffany testified appellant struck Yvette in the head multiple times with his hand. They also both testified appellant had a knife and that he put the knife to Yvette's throat. Illya testified that he believed appellant was going to kill her.

Officer Aaron Harrell testified that he responded to the disturbance. Harrell intended to wait outside the house until back-up arrived. However, when he heard someone from inside cry for help, he immediately entered with his gun drawn. Harrell found appellant on top of Yvette. Harrell ordered appellant, who was about 6' 2'' and 280 pounds, to lift up his arms. Harrell arrested appellant.

---

[1] Technically, Illya is Brazoria's grandson. Illya's father, Brazoria's son, had died and his biological mother was not in the picture. Illya testified Brazoria raised him as her own and he considered her his mother. We will refer to her as such for purposes of this opinion.

Harrell identified photographs police took of injuries Yvette suffered in the assault. According to Harrell, those photographs showed Yvette sustained defensive stab wounds to her hands and a stab wound to her leg. Harrell also identified the knife police recovered from the scene. Both the knife and a photograph of the knife were admitted into evidence.

In his first issue, appellant asserts the evidence is legally insufficient to support his conviction for aggravated assault because the State failed to show he used a deadly weapon in the commission of the offense.

In reviewing a challenge to sufficiency of the evidence to support a conviction, we examine all of the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Carrizales v. State,* 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). The jury, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *See Jackson,* 443 U.S. at 326. The jury is free to draw reasonable inferences from the evidence. *Thomas v. State,* 444 S.W.3d 4, 8 (Tex. Crim. App. 2014).

A person commits aggravated assault if he intentionally, knowingly, or recklessly causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2). A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* at § 1.07(a)(17)(B) (West Supp. 2015). In determining whether a knife is a deadly weapon, we may consider: (1) the size, shape, and sharpness of the knife; (2) the manner of its use or intended use; (3) the nature or existence of inflicted wounds; and (4) testimony of the knife's life-threatening capabilities. *See Thomas v. State*, 821 S.W.2d 616, 619–20 (Tex. Crim. App. 1991); *Holloway v. State*, 05-14-01244-CR, 2016 WL 3098297, at *2 (Tex. App.—Dallas May 25, 2016, no. pet. h.).

In this issue, appellant asserts the evidence is legally insufficient to show the knife he used was a deadly weapon. Specifically, he asserts the State failed to show the knife was capable of causing death or serious bodily injury because "no evidence was introduced as to the size, shape and/or sharpness of the knife." We disagree.

First, the State presented evidence that the knife was capable of causing, and actually did cause, stab wounds. Moreover, both the knife and a photograph of the knife were admitted into evidence. Thus, the State presented direct physical evidence of the knife's characteristics. It is apparent from our review of the photograph, the knife could have caused death or serious bodily injury. *See Blanson v. State*, 107 S.W.3d 103, 106 (Tex. App.—Texarkana 2003, no pet.). Furthermore, the State also presented evidence that appellant used that knife to threaten Yvette with death or serious bodily injury by placing it to her throat. *Wade v. State*, 951 S.W.2d 886, 893 (Tex. App.—Waco 1997, pet. ref'd) (defendant used a deadly weapon by holding knife to victim's throat); *Herbert v. State*, 631 S.W.2d 585, 587 (Tex. App.—El Paso 1982, no pet.) (same). We conclude the evidence is legally sufficient to show appellant used a deadly weapon in the commission of the offense. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (threatening victim with object capable of causing death or serious bodily injury constitutes use of a deadly weapon). We resolve the first issue against appellant.

In his second issue, appellant asserts the trial court erred in refusing to charge the jury on the lesser-included offense of assault. A defendant is only entitled to an instruction on a lesser-included offense if there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty of only the lesser-included offense. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

According to appellant, he was entitled to an instruction on assault because the State failed to present any evidence that the knife was capable of causing death or serious bodily

injury. We have previously rejected this argument. Moreover, to be entitled to a charge on a lesser-included offense, there must be some evidence that appellant did *not* use a deadly weapon. *See Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). But appellant has neither directed us to any such evidence in the record nor claims such evidence exists. *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) (to raise lesser-included offense, there must be affirmative evidence the defendant did not use a deadly weapon), *abrogated on other grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2011). We resolve the second issue against appellant. *Hampton*, v. 109 S.W.3d at 437.

We affirm appellant's conviction.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

150431F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES COX, Appellant

No. 05-15-00431-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1159110-T.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of July, 2016.