A92A0201. ALFORD v. THE STATE.
(418 SE2d 397)

JOHNSON, Judge.

Robert Alford III (Alford) was charged in one indictment with two counts of armed robbery, two counts of aggravated assault and four counts of shoplifting. After a jury trial, Alford was found guilty of all eight counts. The trial court ruled that both of the aggravated assault counts merged with the armed robbery counts and that the

four shoplifting counts merged into only two counts of shoplifting. The trial court denied Alford's motion for a new trial. Alford appeals only from his conviction of one of the armed robbery counts. He does not challenge his convictions for any of the other offenses.

Alford's sole enumeration of error is that there was insufficient evidence at trial to convict him of the armed robbery alleged to have occurred on December 15, 1989. Alford argues that there is no evidence that he used an offensive weapon to effectuate the robbery because the victim testified that the knife he used was closed and could be held in the palm of one's hand. This argument is without merit.

"OCGA § 16-8-41 (a) provides, in relevant part that a person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. This section clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person. (U)nder OCGA § 16-8-41 an armed robbery is committed if the weapon has been used as an instrument of constructive, as well as actual force. When the Code speaks of *force*, it means *actual* violence; and when it speaks of intimidation, it still means force; not actual and direct, but exerted upon the person robbed, by operating upon his fears — the fear of injury to his person, or property, or character." (Citations and punctuation omitted.) *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987).

In the instant case, the victim testified that Alford, on several occasions prior to December 15, 1989, stole beer from the store where she worked. The victim testified that on December 15, 1989, Alford entered the store and she approached him, saying, "You're not taking any beer today." Alford then reached in his pocket, pulled out a closed knife, gestured toward her with the knife, grabbed three "12-packs" of beer and left the store with the knife still in his hand. The victim testified that when Alford pulled out the knife, "I stopped, I froze, because it scared me." Reviewing the victim's testimony, along with the entire record on appeal, in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Alford guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 15, 1992.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Elisabeth G. MacNamara, J. George Guise, Assistant District Attorneys, for appellee.*