STATE OF NORTH CAROLINA v. DONNAVAN KEITH BLAIR, Defendant

No. COA06-515

(Filed 2 January 2007)

**1. Robbery— dangerous weapon—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of robbery with a dangerous weapon even though defendant contends there was insufficient evidence that he took property by use or threatened use of a dangerous weapon and he endangered or threatened the victim's life with a dangerous weapon, because: (1) although the victim did not see defendant's knife until defendant was taken into custody, an officer who witnessed the incident testified that defendant, while holding a knife in his right hand and the recently stolen wallet in his left hand, threatened to harm the victim immediately after a short chase through the streets; (2) the officer testified he first saw the knife in defendant's hand right after defendant stood up after pushing the victim and taking his wallet; and (3) while defendant testified that he was holding a crack pipe and not a knife in his hand, this contradiction is a matter for the jury to decide.

**2. Robbery— dangerous weapon—denial of requested instruction—mere possession of dangerous weapon**

The trial court did not err in a robbery with a dangerous weapon case by denying defendant's request for a special jury

instruction about mere possession of a dangerous weapon, because: (1) the evidence does not support defendant's contention that he merely possessed a knife while stealing the victim's wallet; (2) defendant was seen holding a knife at the time he pushed the victim and took the wallet, and was further seen threatening the victim while holding the wallet in one hand and a knife in the other; (3) the trial court gave the pattern jury instruction stating that the jury must find that defendant obtained the property by endangering or threatening the life of that person with the dangerous weapon; and (4) the trial court's instruction informed the jury in substance that mere possession of the weapon was not enough and defendant must have used the weapon to endanger or threaten the life of the victim.

**3. Evidence— prior crimes or bad acts—detailed cross-examination—opening the door**

The trial court did not err or commit plain error in a robbery with a dangerous weapon case by admitting the State's detailed cross-examination of defendant regarding prior charges and convictions, because: (1) during direct examination, defendant minimized the seriousness of his criminal involvement when he claimed that he was not a violent person and had never robbed anyone; (2) defendant's testimony opened the door to the State's questioning as to defendant's past criminal history; and (3) when the questioning seemed to move beyond the purposes allowable under N.C.G.S. § 8C-1, Rule 609(a), defendant's objection was sustained.

**4. Evidence— hearsay—prior consistent statements**

The trial court did not commit plain error in a robbery with a dangerous weapon case by admitting alleged noncorroborative inadmissible hearsay evidence of an officer about what the victim said immediately following the robbery, because: (1) contrary to defendant's assertion, the officer's testimony does not contradict the victim's testimony; (2) at no point during his testimony did the victim state that defendant did not push him down, but only that he could not remember whether he was pushed down by defendant; (3) other than that one detail, the officer's testimony as to the victim's statement taken shortly after the robbery was substantially similar to the victim's in-court testimony; and (4) the officer testified that he saw defendant push the victim onto the ground.

**5. Evidence— hearsay—reputation of neighborhood—not offered for truth of matter asserted**

The trial court did not commit plain error in a robbery with a dangerous weapon case by admitting alleged inadmissible hearsay evidence about the neighborhood, because: (1) the officer's testimony that he was conducting surveillance of the area where the robbery occurred on 16 April 2005 based on the police receiving numerous complaints of prostitution, street-level drugs, larcenies, shoplifting, robberies, and assaults was elicited in response to the State's questioning of the officer as to why he was conducting surveillance in that area on that day; and (2) the testimony was not admitted for the truth of the matter asserted, but instead to explain why the officer was in a position to observe the robbery.

**6. Constitutional Law— right to unanimous verdict—allegations of coerced verdict**

The trial court did not improperly coerce a verdict in a robbery with a dangerous weapon case by instructing jurors at the conclusion of the charge that they must reach a unanimous verdict, because: (1) during its deliberations, the jury had several questions for the trial court but did not inquire about the consequences of its failure to reach a unanimous verdict; (2) the jury deliberated for less than two hours and never indicated it was divided; and (3) defendant failed to show the trial court's instruction that the jurors must all agree was an error absent which the jury probably would have returned a different verdict.

Appeal by defendant from a judgment dated 13 October 2005 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 6 December 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Kevin Anderson, for the State.*

*Linda B. Weisel for defendant-appellant.*

BRYANT, Judge.

Donnavan Keith Blair (defendant) appeals from a judgment dated 13 October 2005 entered consistent with a jury verdict finding him guilty of robbery with a dangerous weapon. For the reasons below, we find defendant received a trial free of error.

STATE v. BLAIR

[181 N.C. App. 236 (2007)]

## Facts

On 16 April 2005, at approximately 11:00 am, Mario Hernandez drove to a store in Winston-Salem, North Carolina to put air in his spare tire. As he bent over to inflate the tire, he put his wallet down on the ground beside him. Defendant approached Hernandez and said something Hernandez could not understand because he does not speak English. Defendant pushed Hernandez, grabbed Hernandez's wallet and ran. Hernandez chased defendant.

That same morning, Sergeant Michael Weaver of the Winston-Salem Police Department was parked across from the store in an unmarked vehicle and observed the incident. As defendant ran away from Hernandez, he ran right beside Sergeant Weaver's unmarked vehicle. Sergeant Weaver observed that defendant was carrying a wallet in his left hand and a knife in his right hand. Sergeant Weaver drove to a point where he anticipated he could intercept defendant, maneuvered in front of the chase and got out of his vehicle.

At this point Hernandez had caught up with defendant and defendant was turned around facing Hernandez. Defendant was walking backward, away from Hernandez, but toward Sergeant Weaver, with the wallet in his left hand and a knife in his right hand. Defendant, unaware that Sergeant Weaver was behind him, told Hernandez to "come and get it, I'll f— you up." Sergeant Weaver, drew his sidearm and instructed defendant to stop and drop the knife. Defendant then began to put the knife in his back right pocket, but was instructed to stop. Defendant was taken into custody and Hernandez's wallet was returned to him.

## Procedural History

On 27 June 2005, the Forsyth County Grand Jury indicted defendant for robbery with a dangerous weapon. This charge was tried before a jury at the 10 October 2005, Criminal Session of Forsyth County Superior Court, the Honorable William Z. Wood, Jr., Judge presiding. On 13 October 2005, the jury returned a verdict finding defendant guilty of robbery with a dangerous weapon. The trial court entered a judgment consistent with the jury verdict dated 13 October 2005, sentencing defendant to 103 to 133 months in prison. Defendant appeals.

Defendant raises the issues of whether: (I) there is sufficient evidence to support defendant's armed robbery conviction; (II) the trial court erroneously denied defendant's special jury instruction request

about mere possession of a dangerous weapon; (III) the trial court erroneously admitted the State's detailed cross-examination of defendant regarding prior charges and convictions; (IV) the trial court erroneously admitted non-corroborative inadmissible hearsay evidence; (V) the trial court erroneously admitted inadmissible hearsay evidence about the neighborhood; and (VI) the trial court erroneously coerced the verdict by instructing jurors they must reach a unanimous verdict.

*I*

[1] Defendant first argues his conviction for robbery with a dangerous weapon must be vacated because there is insufficient evidence he took property by use or threatened use of a dangerous weapon and he endangered or threatened the life of Hernandez with a dangerous weapon. Defendant moved to dismiss the charge on the ground of insufficient evidence at the close of the State's evidence and again at the close of all the evidence, both of which motions were denied by the trial court.

"[W]hen a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)), *cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005).

> Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion. A substantial evidence inquiry examines the sufficiency of the evidence presented but not its weight. The reviewing court considers all evidence in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence. Evidentiary contradictions and discrepancies are for the jury to resolve and do not warrant dismissal.

*Garcia*, 358 N.C. at 412-13, 597 S.E.2d at 746 (internal citations and quotations omitted).

The essential elements of robbery with a dangerous weapon are: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use

STATE v. BLAIR

[181 N.C. App. 236 (2007)]

of a firearm or other dangerous weapon, (3) whereby the life of the person is endangered or threatened." *State v. Mann*, 355 N.C. 294, 303, 560 S.E.2d 776, 782 (2002) (citation and quotations omitted); *see also* N.C. Gen. Stat. § 14-87 (2005) (defining the crime of robbery with firearms or other dangerous weapons). "Robbery with a dangerous weapon requires that 'the defendant's use or threatened use of a dangerous weapon must precede or be concomitant with the taking, or be so joined with it in a continuous transaction by time and circumstances as to be inseparable.' " *State v. Bellamy*, 159 N.C. App. 143, 148-49, 582 S.E.2d 663, 667-68 (quoting *State v. Hope*, 317 N.C. 302, 306, 345 S.E.2d 361, 364 (1986)), *cert. denied*, 357 N.C. 579, 589 S.E.2d 130 (2003). However, "[t]he exact time relationship, in armed robbery cases, between the violence and the actual taking is unimportant as long as there is one continuing transaction." *Id.* at 149, 582 S.E.2d at 668 (citation and quotations omitted); *see also State v. Green*, 321 N.C. 594, 605, 365 S.E.2d 587, 594 (1988) ("The commission of armed robbery . . . does not depend upon whether the threat or use of violence precedes or follows the taking of the victims' property. Where there is a continuous transaction, the temporal order of the threat or use of a dangerous weapon and the takings is immaterial."). Nevertheless, mere possession of a weapon is not sufficient to support an armed robbery conviction. *State v. Gibbons*, 303 N.C. 484, 489-91, 279 S.E.2d 574, 577-78 (1981).

In the instant case, Hernandez did not see defendant's knife until defendant was taken into custody. However, Sergeant Weaver testified defendant, while holding a knife in his right hand and the recently stolen wallet in his left hand, threatened to harm Hernandez immediately after the short chase through the streets. Sergeant Weaver further testified that he first saw the knife in defendant's hand right after defendant stood up after pushing Hernandez and taking his wallet. While defendant testified that he was holding a crack-pipe and not a knife in his hand, this contradiction is a matter for the jury to decide. Considering all evidence in the light most favorable to the State, the evidence was sufficient to send the charge of robbery with a dangerous weapon to the jury. *See Bellamy*, 159 N.C. App. at 147-49, 582 S.E.2d at 667-69 (holding evidence was sufficient to withstand motion to dismiss armed robbery charge when the defendant took two videos, fled the store pursued by an employee, and brandished a pocketknife and threatened the pursuing employee at the end of the chase). This assignment of error is overruled.

## II

**[2]** Defendant next argues the trial court erred in denying his request to instruct the jury that possession of a dangerous weapon is insufficient to satisfy the elements of robbery with a dangerous weapon. During the charge conference, defendant orally asked for an instruction that mere possession of a dangerous weapon does not satisfy the elements of armed robbery and submitted a written request asking the trial court to specifically instruct the jury that "[m]ere possession of a dangerous weapon does not satisfy the elements for this offense." The trial court denied the request on the ground defendant's request was covered by the pattern jury instruction.

It is well settled that "[i]f a 'request be made for a special instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance.' " *State v. Chapman*, 359 N.C. 328, 379, 611 S.E.2d 794, 830 (2005) (quoting *State v. Lamb*, 321 N.C. 633, 644, 365 S.E.2d 600, 605-06 (1988)). "The crucial issue, [however], is whether the evidence supports defendant's requested instruction[.]" *State v. Lane*, 115 N.C. App. 25, 31, 444 S.E.2d 233, 237, *disc. review denied*, 337 N.C. 804, 449 S.E.2d 753 (1994).

Here, the evidence does not support defendant's contention that he merely possessed a knife while stealing Hernandez's wallet. Defendant was seen holding a knife at the time he pushed Hernandez and took the wallet, and was further seen threatening Hernandez, saying "come and get it, I'll f— you up[,]" while holding the wallet in one hand and a knife in the other. Here the trial court's instruction, pursuant to the pattern jury instruction, stated that the jury must find that "the defendant obtained the property by endangering or threatening the life of that person with the dangerous weapon." By its plain language, this instruction informed the jury, in substance, that mere possession of the weapon was not enough and defendant must have used the weapon to endanger or threaten the life of the victim. This assignment of error is overruled.

## III

**[3]** Defendant also argues the trial court erred in allowing the State to question defendant about accusations for which defendant was not convicted and about the details of defendant's prior convictions. Defendant contends the State exceeded the permissible scope of cross-examination and the questioning violated Rules 608(b) and 609(a) of the North Carolina Rules of Evidence.

Rule 608(b) of the North Carolina Rules of Evidence provides:

Specific instances of the conduct of a witness, for the purpose of
attacking or supporting his credibility, other than conviction of
crime as provided in Rule 609, may not be proved by extrinsic evi-
dence. They may, however, in the discretion of the court, if pro-
bative of truthfulness or untruthfulness, be inquired into on
cross-examination of the witness (1) concerning his character for
truthfulness or untruthfulness[.]

N.C. Gen. Stat. § 8C-1, Rule 608(b) (2005). Rule 609(a) further pro-
vides that "[f]or the purpose of attacking the credibility of a witness,
evidence that the witness has been convicted of a felony, or of a Class
A1, Class 1, or Class 2 misdemeanor, shall be admitted if elicited from
the witness or established by public record during cross-examination
or thereafter." N.C. Gen. Stat. § 8C-1, Rule 609(a) (2005); *see also
State v. Braxton*, 352 N.C. 158, 193, 531 S.E.2d 428, 448 (2000)
("Evidence of a witness' prior convictions is admissible for the pur-
pose of impeaching the witness' credibility."), *cert. denied*, 531 U.S.
1130, 148 L. Ed. 2d 797 (2001). The State, however, may not elicit
"details of prior convictions other than the name of the crime and the
time, place, and punishment for impeachment purposes under Rule
609(a) in the guilt-innocence phase of a criminal trial." *State v. Lynch*,
334 N.C. 402, 410, 432 S.E.2d 349, 353 (1993). Nevertheless, "evidence
which would otherwise be inadmissible may be permissible on cross-
examination 'to correct inaccuracies or misleading omissions in the
defendant's testimony or to dispel favorable inferences arising there-
from.' " *Braxton*, 352 N.C. at 193, 531 S.E.2d at 448 (quoting *Lynch*,
334 N.C. at 412, 432 S.E.2d at 354).

Here, defendant took the witness stand and testified in his own
defense. On direct examination, defendant claimed that he did not
"do violent crimes," would not seriously hurt a person or put them in
danger, and had never robbed anyone. On cross-examination, defend-
ant was asked by the State if he had been convicted of misdemeanor
"assault with a deadly weapon after the State reduced that from a
felony assault to [misdemeanor assault with a] deadly weapon."
Defendant responded that "due to further investigation . . . the assault
with deadly weapon . . . was dismissed." Defendant was asked what
kind of weapon was involved, and defendant responded "it suppos-
edly had been a shotgun, but it was a BB gun." Defendant was also
asked if his 2003 plea to misdemeanor larceny had been reduced from
common law robbery and he responded, "Yes[.]" Defendant was next

asked if he had pleaded guilty in 1996 to misdemeanor possession of drug paraphernalia and he again responded, "Yes[.]" The State then asked if that charge had been reduced from felony possession with intent to sell or deliver cocaine, and defendant responded "Yes[.]" At this point, defendant's counsel objected to the questions pertaining to the original charges. The trial court sustained the objection and allowed defendant's subsequent motion to strike. Defendant did not request a limiting instruction and none was given to the jury. The State then inquired as to several other crimes for which defendant was convicted. No objections were made to any of the questions, and defendant admitted to each conviction.

Where defendant fails to object to the State's cross-examination, he "has the burden of showing that the error constituted plain error, that is, (i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997) (citing *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987)). Here, the State's questioning was not in error, let alone plain error. During direct examination, defendant minimized the seriousness of his criminal involvement when he claimed that he was not a violent person and had never robbed anyone. This testimony opened the door to the State's questioning as to defendant's past criminal history. *See Braxton*, 352 N.C. at 193-94, 531 S.E.2d at 449 ("Considering defendant's testimony on direct examination which tended to minimize the seriousness of his criminal involvement, we conclude the prosecutor did not exceed the scope of proper examination.") When the questioning seemed to move beyond the purposes allowable under Rule 609(a), defendant's objection was sustained without further ado. This assignment of error is overruled.

*IV*

[4] Defendant also contends the trial court erred in admitting at trial alleged non-corroborative hearsay evidence about what Hernandez said immediately following the robbery. Defendant did not object at trial to the admission of this evidence, therefore we review this contention only for plain error. *Bishop*, 346 N.C. at 385, 488 S.E.2d at 779.

The North Carolina Supreme Court has held that " '[b]y definition, a prior statement is admitted only as corroboration of the substantive witness and is not itself to be received as substantive evidence.' " *State v. Francis*, 343 N.C. 436, 446, 471 S.E.2d 348, 353 (1996) (quot-

ing *State v. Stills*, 310 N.C. 410, 415, 312 S.E.2d 443, 447 (1984)). Additionally, "prior consistent statements are admissible even though they contain new or additional information so long as the narration of events is substantially similar to the witness' in-court testimony." *State v. Williamson*, 333 N.C. 128, 136, 423 S.E.2d 766, 770 (1992) (citation omitted). " '[A]n instruction limiting admissibility of testimony to corroboration is not required unless counsel specifically requests such an instruction.' " *State v. Borkar*, 173 N.C. App. 162, 169, 617 S.E.2d 341, 345 (2005) (quoting *State v. Smith*, 315 N.C. 76, 82, 337 S.E.2d 833, 838 (1985)). A trial court has "wide latitude in deciding when a prior consistent statement can be admitted for corroborative, non[-]hearsay purposes." *State v. Call*, 349 N.C. 382, 410, 508 S.E.2d 496, 513 (1998).

Early in the trial Hernandez testified that he did not "know if [defendant] pushed [him] or not[.]" On cross-examination, Hernandez testified he did not remember if defendant pushed him. After Hernandez finished his testimony, Officer K.C. Bell of the Winston-Salem Police Department testified that he responded to the scene of the arrest and acted as an interpreter to help interview Hernandez. Officer Bell testified that Hernandez told him "he was kneeled over and had his wallet on the ground in front of him and that someone had come up . . ., a black male, had pushed him over, [took] his wallet, and ran away[.]" Defendant argues Officer Bell's testimony is hearsay evidence not admissible to corroborate Hernandez's prior testimony as it actually contradicted Hernandez's trial testimony.

Contrary to defendant's argument, the testimony of Officer Bell does not contradict the testimony of Hernandez. At no point during his testimony did Hernandez state that defendant did not push him down, but rather only that he could not remember whether or not he was pushed down by defendant. Other than this one detail, the testimony of Officer Bell as to Hernandez's statement taken shortly after the robbery is substantially similar to Hernandez's in-court testimony. Furthermore, Sergeant Weaver testified that he saw defendant "push[] Mr. Hernandez onto the ground[.]" Thus, the admission of Officer Bell's testimony concerning Hernandez's prior statement was not error. This assignment of error is overruled.

## V

**[5]** Defendant next argues the trial court erroneously admitted inadmissible hearsay evidence about the neighborhood. Again, defendant did not object at trial to the admission of this evidence, therefore we

review this issue only for plain error. *Bishop*, 346 N.C. at 385, 488 S.E.2d at 779. In North Carolina, the "general rule is that in a criminal prosecution evidence of the reputation of a place or neighborhood is ordinarily inadmissible hearsay." *State v. Weldon*, 314 N.C. 401, 408, 333 S.E.2d 701, 705 (1985) (citation omitted); *State v. Williams*, 164 N.C. App. 638, 639, 596 S.E.2d 313, 314 (2004). However, " 'if a statement is offered for any purpose other than that of proving the truth of the matter asserted, it is not objectionable as hearsay.' " *State v. English*, 171 N.C. App. 277, 284, 614 S.E.2d 405, 410 (2005) (quoting *State v. White*, 298 N.C. 430, 437, 259 S.E.2d 281, 286 (1979)).

At trial, Sergeant Weaver testified that on 16 April 2005 he was conducting surveillance of the area where the robbery occurred because police "had numerous complaints of prostitution, street-level drugs, larcenies, shoplifting, robberies, assaults." This testimony was elicited in response to the State's question asking Sergeant Weaver why he was conducting surveillance in that area, on that day. As in *English*, this testimony was not admitted for the truth of the matter asserted, but rather to explain why Sergeant Weaver was in a position to observe the robbery. Therefore, the statement was not hearsay and was admissible. This assignment of error is overruled.

*VI*

**[6]** Defendant lastly argues the trial court erroneously coerced the verdict by instructing jurors they must reach a unanimous verdict. "Defendant did not object to this instruction at the time it was given and, therefore, must show that the trial court committed plain error." *State v. Roache*, 358 N.C. 243, 309, 595 S.E.2d 381, 423 (2004). Defendant " 'must show that the instructions were erroneous and that absent the erroneous instructions, a jury probably would have returned a different verdict.' " *State v. Barden*, 356 N.C. 316, 383, 572 S.E.2d 108, 150 (2002) (quoting *State v. Lucas*, 353 N.C. 568, 584, 548 S.E.2d 712, 723 (2001)), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003).

It is well settled that " 'a trial judge has no right to coerce a verdict, and a charge which might reasonably be construed by a juror as requiring him to surrender his well-founded convictions or judgment to the views of the majority is erroneous.' " *State v. Whitman*, 179 N.C. App. 657, 670, 635 S.E.2d 906, 915 (2006) (quoting *State · v. Holcomb*, 295 N.C. 608, 614, 247 S.E.2d 888, 892 (1978)). "In determining whether a trial court's actions are coercive, an appellate court must look to the totality of the circumstances." *State v. Dexter*, 151

**STATE v. BLAIR**

[181 N.C. App. 236 (2007)]

N.C. App. 430, 433, 566 S.E.2d 493, 496, *aff'd per curiam,* 356 N.C. 604, 572 S.E.2d 782 (2002).

In the instant case, at the conclusion of the jury charge, the trial court instructed the jurors as follows:

> You may not return a verdict until all twelve jurors agree unanimously on what your verdict shall be. You may not return a verdict by majority vote. *You must all agree.*
>
> When [you] have agreed upon your unanimous verdict, your foreperson should so indicate on the verdict form or should mark the appropriate place reflecting your verdict on the verdict form.
>
> . . .
>
> Okay. Ladies and gentleman, after retiring to the jury room, you should first select one of your members to serve as your foreperson. You may begin your deliberations only when the bailiff delivers the verdict form to you.

(Emphasis added.) During its deliberations, the jury had several questions for the trial court but did not inquire about the consequences of its failure to reach a unanimous verdict. The jury deliberated for less than two hours and never indicated it was divided. From the record before this Court, defendant has not shown that the trial court's instruction that they "must all agree" was an error absent which the jury probably would have returned a different verdict. *See State v. Applewhite,* 127 N.C. App. 677, 681, 493 S.E.2d 297, 299 (1997) (finding no plain error in the trial court's instruction that the jury "must . . . reach a unanimous verdict"). This assignment of error is overruled.

No error.

Judges McGEE and STEELMAN concur.