IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-842

Filed 4 June 2025

Mecklenburg County, Nos. 22CR214640-590 22CR214643-590 22CR214644-590

STATE OF NORTH CAROLINA

v.

AMARI DIJAI GAMBLE

Appeal by defendant from judgment entered 18 January 2024 by Judge Justin N. Davis in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 April 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Natalia K. Isenberg, for the State.*

*Office of the Public Defender, Assistant Public Defender, by Julie Ramseur Lewis, for the defendant-appellant.*

TYSON, Judge.

Amari Dijai Gamble ("Defendant") appeals from convictions and judgments entered upon a jury's verdicts of guilty of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon and felonious fleeing to elude. We discern no error.

## I. Background

Dorothy Newton ("Newton") resided in her townhome with her eight-year-old son and her seventeen-year-old daughter, Kamya Little ("Little"). Late one evening,

Newton was going to lock the back door to her townhouse when she discovered an unknown black male inside of her kitchen. He was dressed in all black and his face was concealed by a mask with only his eyes being visible. When Newton demanded for the man to leave her home, Little asked her mother not to make him leave, and she threatened to go with the man, if she did. Little ultimately left the home with the unknown male, at which point Newton locked the door and went upstairs to bed.

Later that night, Newton awoke to sounds of footsteps coming up the stairs towards her room. Little and the unknown male – still masked and now holding a rifle – entered her room. The male did not speak or make demands and never pointed the rifle directly in her direction. In recalling the incident to responding Charlotte-Mecklenburg Police Officer Alexa Odom, Newton reported the unknown male was "pointing the gun out and it was held by two hands" while he was in her bedroom. Newton testified she pleaded with Little and the unknown male to leave and not harm her, and she "thought she was going to die."

When Newton saw Little walk around the bed and grab her purse, she grabbed her phone, pushed the man to the side to reach the bedroom door, and ran down the stairs. After Newton ran out of her house, she witnessed Little and the unknown male together exited her townhouse with Little carrying two purses belonging to Newton. Little and the male entered Newton's Ford Escape vehicle and drove off. After watching them drive away, Newton re-entered her house and called 911 to report the incident.

Charlotte-Mecklenburg Police Officer Steven Hesseman responded to the 911 call and intercepted the Ford Escape while traveling towards Newton's home. Officer Hessman made a U-turn and followed the vehicle. After an erratic chase involving multiple officers, the vehicle was intercepted at the 800 block of 8th Street in Charlotte and the unknown male was arrested and detained. The male in the vehicle was identified as Defendant.

Defendant was indicted for robbery with a dangerous weapon, felonious fleeing to elude arrest, and conspiracy to commit robbery with a dangerous weapon. The jury convicted Defendant of all indicted charges. Defendant's convictions for robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon were consolidated for judgment. He was sentenced as a prior record level I offender with 0 points to an active term of 64 to 89 months imprisonment. Defendant was also sentenced to an active term of 6 to 17 months imprisonment for his conviction for felony fleeing to elude. The sentences were ordered to run consecutively. Defendant appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) and § 15A-1444(a) (2023).

## III. Issues

Defendant argues the trial court erred by refusing to instruct the jury on the lesser-included offense of common law robbery, on mere possession of a firearm, and

by the trial court's response to the jury's questions concerning the threatening and endangering element of robbery with a dangerous weapon.

## IV.    Lesser Included Offense of Common Law Robbery

Defendant argues the trial court erred by refusing to instruct the jury on the lesser-included offense of common law robbery.

## A.  Standard of Review

Trial court jury instructions are reviewed on appeal *de novo. State v. Redmond,* 266 N.C. App. 580, 582, 831 S.E.2d 650, 652 (2019).   Under *de novo* review, the appellate court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams,* 362 N.C. 628-632-33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted).

"Choice of instruction is a matter within the trial courts discretion and will not be overturned absent a showing of abuse of discretion." *State v. Nicholson,* 355 N.C. 1, 66, 448 S.E.2d 109, 152 (2002) (citation omitted).   "An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find [the] defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps,* 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).

## B. Analysis

### 1.  Lesser-Included Offense

Defendant contends the instruction of the lesser-included offense of common law robbery was warranted by the evidence because the State failed to unequivocally

demonstrate Newton's life was threatened or endangered during the course of the robbery. Threatening or endangering the life of a person is an essential element to the crime of robbery with a dangerous weapon. *See State v. Oldroyd*, 380 N.C. 613, 618, 869 S.E.2d 193, 197 (2022) (citation omitted); *see also* N.C. Gen. Stat. § 14-87(a) (2023). Defendant claims the lack of evidence to support those elements warranted the lesser-included instruction on common law robbery.

"If . . . the State's evidence is clear and positive with respect to each element of the offense charged and there is no evidence showing the commission of the lesser included offense, it is not error for the trial judge to refuse to instruct the jury on the lesser offense." *State v. Clevenger,* 249 N.C. App. 383, 392, 791 S.E.2d 248, 255 (2016) (citing *State v. Hardy,* 299 N.C. 445, 456, 263 S.E.2d 711, 718-19 (1980)) (internal quotation omitted).

It is necessary to instruct the jury of a lesser-included offense "when and only when the jury could find that such [an] included crime of lesser degree was committed." *Id.* at 393, 263 S.E.2d at 255-56 (citation omitted). "Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is no conflicting evidence relating to elements of the crime charged." *Id.*

## 2. *Armed Robbery*

Armed robbery is a three-element offense requiring: (1) the unlawful taking or attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; and, (3) whereby

the life of a person is endangered or threatened. *State v. Hill,* 365 N.C. 273, 275, 715 S.E.2d 841, 843 (2011) (citation omitted). This Court has previously held "in cases where the State's evidence establishes that a defendant held a dangerous weapon that was seen by the victim or a witness during the course of the robbery, the third element of armed robbery is satisfied." *State v. Wright*, 252 N.C. App. 501, 508, 798 S.E.2d 785, 790 (2017).

A dangerous weapon in the possession of a defendant held in a "manner and circumstance[]" that alludes to a harmful purpose provides sufficient evidence to support submission of a robbery with a dangerous weapon charge. *See State v. Whisenant,* 249 N.C. App. 456, 459, 791 S.E.2d 122, 125 (2016) (explaining that a defendant wielding an unopened knife during the commission of a robbery along with threats was sufficient to endanger the victim and uphold a charge of robbery with a dangerous weapon).

Following a jury charge conference with counsel, the trial court declined to give the common law robbery instruction in light of the totality of the evidence presented. The trial court noted Defendant's openly brandishing a deadly weapon is different than mere possession and the lesser-included offense instruction was inappropriate in light of the circumstances. *Id.*

Defendant does not contest the evidence produced by the State was sufficient to satisfy elements one and two of the robbery with a dangerous weapon charge. Defendant argues the State failed to present sufficient evidence tending to show

Newton's life was endangered or threatened by the presence of the rifle during the robbery. *Id.* The police report taken after the robbery and the testimony at trial both reflect Newton visibly saw Defendant holding the rifle with both hands from the time he entered her bedroom in the middle of the night until she ran past him in the bedroom and out of the house. No conflicting evidence was offered to negate Newton's assertion she was visually aware of and threatened by Defendant's possession of the rifle during the commission of the robbery to the point Newton "thought she was going to die." Sufficient evidence was proffered to support element three. *Id.*

The State produced sufficient evidence to support each of the three elements of robbery with a dangerous weapon. A lesser-included offense instruction was not warranted or required to be given by the trial court. *Clevenger,* 249 N.C. App. at 392, 791 S.E.2d at 255. The trial court did not err by denying Defendant's request for the instruction on lesser-included common law robbery. *Id.*

## V.    Mere Possession of a Firearm

Defendant argues the trial court erred by refusing his request to instruct the jury that mere possession of a firearm, in itself, does not constitute endangering or threatening a victim. Defendant requested for the jury instructions to include language distinguishing mere possession of a weapon from possession that endangers or threatens the life of the victim as is referenced in Footnote 7 of the North Carolina Pattern Jury Instructions. N.C.P.I. – Crim. 217.20 fn. 7.

The trial court denied Defendant's request for inclusion of the mere possession

language, reasoning the evidence clearly indicated the deadly weapon was brandished by Defendant during the robbery, and instructing the jury on mere possession might cause confusion.

## A. Standard of Review

"[C]hoice of instruction[] is a matter within the trial court's discretion and will not be overturned absent a showing of abuse of discretion." *Nicholson*, 355 N.C. at 66, 558 S.E.2d at 152 (citation omitted). If a request is made for a special instruction, "which is correct in itself and supported by evidence, the court must give the instruction at least in substance." *State v. Blair,* 181 N.C. App. 236, 242, 638 S.E.2d 914, 919 (2007). The evidence must support the defendant's requested instruction, otherwise the trial court is not required to give it. *See Id.*

## B. Analysis

A "defendant's mere possession of a weapon – without more – during the course of a robbery is insufficient to support a finding that the victim's life was endangered or threatened." *State v. Wright,* 252 N.C. App. at 507, 798 S.E.2d at 789 (citing *State v. Gibbons,* 303 N.C. 484, 488, 279 S.E.2d 574, 577 (1981)). To satisfy the elements of robbery with a dangerous weapon, the State must present evidence "aside from the mere fact of the weapon's presence." *Id.* at 507-08, 798 S.E.2d at 789 (citation omitted). An instruction on mere possession is appropriate in situations where a gun is present but neither the victim nor any bystanders actually saw the weapon during the course of the robbery. *See Id.* at 252 N.C. App. at 508, 798 S.E.2d at 790 (citation

- 8 -

omitted).

The State's evidence is unequivocal tending to show Defendant was holding the rifle in plain sight during the commission of the robbery in Defendant's bedroom during the middle of the night after an earlier home intrusion. Because Newton clearly saw the rifle and was threatened by Defendant's brandishing the firearm, to the point she "thought she was going to die," Defendant's request for a mere possession instruction was not supported by evidence. The trial court did not err in denying Defendant's request for a mere possession of a weapon instruction. *Id.*

## VI. Jury Instructions and Response to Jury's Questions

Defendant next argues the trial court committed prejudicial or plain error by failing to answer the jury's questions concerning an essential element of robbery with a firearm.

### A. Standard of Review

The trial court's decision to answer a jury question, or to choose to repeat previously given instructions, is reviewed for an abuse of discretion. *See State v. Hazel,* 243 N.C. App. 741, 744, 779 S.E.2d 171, 173-74 (2015); *see also State v. Smith,* 194 N.C. App. 120, 126, 669 S.E.2d 8, 12-13 (2008). After the jury retires for deliberation, the court may provide additional instructions to correct or withdraw an erroneous instruction, clarify an ambiguous instruction, or instruct the jury on a point of law which should have been covered in the original instructions. N.C. Gen. Stat. § 15A-1234(a) (2023). Failure to object to an erroneous instruction or to

erroneous failure to give an instruction does not constitute a waiver of the right to appeal on that error in accordance with Gen. Stat. 15A-1446(d)(13). N.C. Gen. Stat. § 15A-1231(d) (2023).

Preserved and unpreserved errors are treated differently on appeal. *State v. Lawrence,* 356 N.C. 506, 512, 723 S.E.2d 326, 330 (2012). Issues are preserved for appeal by Defendant's timely objection at trial and are sufficient to serve as the basis for error. *State v. Black,* 308 N.C. 736, 739, 303 S.E.2d 804, 806 (1983). "No party may [argue] as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection." *Id.* Preserved legal errors are reviewed under the harmless error standard. N.C. Gen. Stat. § 15A-1443(a) (2023).

Plain error review allows appellate courts to bypass preservation rules in certain "exceptional circumstances." *See Lawrence,* 356 N.C. at 514-15, 723 S.E.2d at 332. Our Supreme Court has held the plain error standard "applies only when the alleged error is unpreserved, and it requires the defendant to bear the heavier burden of showing that the unpreserved error rises to the level of plain error. *See State v. Melvin,* 364 N.C. 589, 593-94, 707 S.E.2d 629, 632-33 (2010).

> [T]he plain error rule…is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right or the accused," or the error

has "resulted in a miscarriage of justice or in the denial to appellant of a fair trial"…or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted).

The plain error standard does not require every improper instruction to mandate reversal of the judgment or set aside the verdict. *Lawrence,* 356 N.C. at 517, 723 S.E.2d at 333-34. It is a rare case where improper instructions will justify reversal of a criminal conviction judgment when no objection has been made in the trial court. *Id.*

## B. Analysis

Defendant contends the trial court's response to the jury's questions during deliberation was prejudicial error. Defendant also argues if the jury instruction issue is determined to be improperly preserved, the trial court committed plain error in instructing or responding to the jury.

The trial judge and counsel discussed how to respond to questions presented by the jury during deliberations. The trial judge decided to call the jury back into the courtroom to re-read the initial jury instructions, to re-watch the police officer's body camera footage, and then address the jury's questions related to the threatening and endangering element of robbery with a firearm. At this time, defense counsel formally objected and requested an instruction to be given stating that mere possession of a weapon alone does not satisfy the elements for robbery with a firearm.

Alternatively, defense counsel argued if mere possession of a weapon was not instructed over objection, the jury should be told arguments by counsel are permitted. The trial judge proceeded with instructing the jury over defense counsel's objection. After the jury was dismissed to deliberate following further instruction, defense counsel verbally renewed his prior objections to preserve the record.

Defendant's argument regarding the purported impropriety of the trial court's response to the jury's question was properly preserved by objection before and after the instruction was given. Preserved legal errors are reviewed under the harmless error standard of review. *State v. Jernrette*, 236 N.C. App. 616, 637, 763 S.E.2d 404, 417 (2014).

A defendant must show a reasonable possibility of a different result at trial had the error in question not been committed. *Lawrence,* 365 N.C. at 513, 723 S.E.2d at 331. Defendant has not shown the jury would have reasonably returned a different verdict if the mere possession instruction had been given in response to the jury's questions. Defendant failed to show he was prejudiced by the trial court's jury instructions to award a new trial. We discern no prejudicial error.

## VII.    Conclusion

No conflicting evidence negates the three elements to establish  submission of robbery with a dangerous weapon to require an instruction on mere possession. Defendant cannot demonstrate the evidence required the trial court to instruct the jury on the lesser-included offense of common law robbery. Defendant cannot show

he was prejudiced by the trial court's responses to addressing the jury's clarifying questions.

Defendant received a fair trial, free from prejudicial errors he preserved and argued. We discern no error in the jury's verdicts or in the judgments entered thereon.

*It is so ordered.*

NO ERROR.

Chief Judge DILLON and Judge GORE concur.